IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHACLI P., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-01596-SRB-EMB |

## ORDER

Before the Court is Petitioner Chacli P.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner alleges that he is a resident of Huron, South Dakota, and a citizen of Guatemala. Petitioner alleges he has lived in the United States since 2019. Petitioner alleges he was unlawfully detained on February 11, 2026, by Immigration and Customs Enforcement. Petitioner alleges he was detained without a warrant. He now requests habeas relief and his immediate release.

In an Order dated February 24, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than February 13, 2026[.]" (Doc. #4, p. 1.) Respondents timely filed their response. In part, Respondents acknowledge this case "presents similar legal and factual issues to prior habeas petitions." (Doc. #6, p. 1.)

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner because he already entered and was residing in the United States at the time he was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for

admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2026